**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:

NATIONWIDE PHARMASSIST CORP.,

CASE NO. 15-27804-RBR
CHAPTER 11

Debtor.
_____/

***LIMITED* OBJECTION TO *EXPEDITED* MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING AND SCHEDULING SALE OF THE ASSETS OF NATIONWIDE PHARMASSIST CORP. FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES; (B) APPROVING BREAKUP FEE; (C) APPROVING BIDDING PROCEDURES; (D) APPROVING THE NOTICE OF SALE; (E) SCHEDULING AN AUCTION TO ACCEPT HIGHER AND BETTER BIDS; AND (F) SCHEDULING HEARING TO APPROVE SALE ARISING OUT OF AUCTION (ECF NO. 9)***

**OR IN THE ALTERNATIVE MOTION FOR REHEARING[1]**

COMES NOW, Creditor, DEBRA LEUE, by and through undersigned counsel and hereby files this, her *Limited* Objection to Debtor's Expedited Motion for Entry of an Order (A) Authorizing and Scheduling Sale of the Assets of Nationwide PharmAssist Corp. free and Clear of All Liens, Claims, and Encumbrances; (B) Approving Breakup Fee; (C) Approving Bidding Procedures; (D) Approving the Notice of Sale; (E) Scheduling an Auction to Accept Higher and Better Bids; and (F) Scheduling Hearing to Approve (the "Sale Motion") (ECF NO. 9), and states as follows:

1. The Sale Motion should be denied at this time to allow the creditors enough time to assess:

---

[1] Two days' notice of the underlying Sale Motion that seeks to sell substantially all the assets of a dissolved Debtor that has no scheduled bank accounts is simply insufficient notice. Additionally, there is absolutely no cause for the expedited nature of the Sale Motion or the sale process. Furthermore, as of the date of this objection and motion, an order has not been entered on the foregoing Sale Motion.

   a. the affairs of the Debtor leading to the filing of this bankruptcy - the 341 Meeting of Creditors is scheduled for November 9, 2015,

   b. the reasonableness of this expedited sale process – the Debtor is administratively dissolved, has no bank accounts, and has assets that are primarily intellectual property; furthermore, the Creditor questions, among other things, the reasonableness of the break-up fee and the initial over-bid amount,

   c. the proposed insider buyer HBS Corp. - buyer is 100% owned by Frederick Schlosser who is the same person that signed the Debtor's bankruptcy petition and schedules; Mr. Schlosser is also an officer, creditor, and equity owner of the Debtor, and

   d. the overall benefit to the general unsecured creditors – it is extremely difficult to find a benefit in having substantially all the assets of the Debtor sold in an expeditious manner to an insider of the Debtor for an amount that is insignificant to the general unsecured creditors.

2. On October 6, 2015, the Debtor voluntarily filed this Chapter 11 bankruptcy case.

3. Based on the Debtor's bankruptcy schedules (ECF No. 1), Creditor Debra Leue is the second largest general unsecured creditor in this bankruptcy case with a scheduled claim of $241,512.33. Within the four years prior to the filing of this bankruptcy case, Creditor Leue provided the Debtor with $395,500. Creditor Leue provided $200,000 of the foregoing funds to the Debtor within the 2 years prior to the filing of this bankruptcy case and within one year of her and certain other parties filing a

state court complaint against the Debtor, it's officers (including the proposed buyer herein Frederick Schlosser) and other parties for breach of contract, fraudulent inducement, violation of securities law, breach of fiduciary duty, and civil conspiracy (the "State Court Case").  A true and correct copy of the Amended Complaint is attached hereto as **Exhibit "A."**[2]

4. On October 13, 2015, a Final Judgment was entered in the State Court Case against Stephen Molinari and Peter Molinari based on a fraudulent scheme involving the parties.  A true and correct copy of the Final Judgment is attached hereto as **Exhibit "B."**

5. Per the Debtor's Chapter 11 Case Management Summary (ECF No. 10), Peter Molinari (the son of Stephen Molinari) is the Debtor's President and Sole Member of its Board of Directors.

6. Per the Debtor's Statement of Financial Affairs (ECF No. 1), Stephen Molinari (the father of Peter Molinari) was in charge of the Debtor's books, records, and financial statements.  Also, Stephen Molinari was previously the President of the Debtor.

7. Furthermore, the Securities and Exchange Commission had commenced an action on August 14, 2013, against Stephen Molinari and the Debtor based on alleged violations of the antifraud provisions of the federal securities laws. (*SEC v. Molinari,* Civil Action No. 13-cv-80807 (S.D. Fla.)).  On March 5, 2014, the District Court entered Final Judgment by Consent against the Debtor enjoining the company from

---

[2] As alleged in the State Court Case, $850,000.00 has not been properly accounted for by the Debtor.

violations of the securities laws. The District Court also ordered Debtor to pay a civil penalty of $20,000.00, which to date remains unpaid.

8. On May 1, 2013, in *United States v. Stephen F. Molinari*, Case No. 13-60105-CR-Rosenbaum, Stephen F. Molinari, was charged by information as a previously registered securities broker who was also the chairman, chief executive officer, and controlling shareholder of the Debtor. He was charged with mail fraud in connection with the Debtor. After entering a guilty plea he was convicted of mail fraud and sentenced to six months in prison, three years of supervised release, and restitution of $40,000.

9. The Purchaser is HBS Corp., which is 100% owned by Frederick Schlosser, a long-time insider of the Debtor. Per the Debtor's Statement of Financial Affairs (ECF No. 1), Frederick Schlosser was in charge of the Debtor's books, records, and financial statements from as early as July 2012. He was listed as the Debtor's Chief Financial Officer per the State of Florida 2013 Reinstatement Corporate Filings. *See* **Exhibit "C,"** a true and correct copy of the 2013 For Profit Corporation Reinstatement. Frederick Schlosser also signed the Debtor's bankruptcy petition and schedules as the Debtor's Chief Restructuring Officer. He will also be the one to evaluate competing bidders for substantially all the assets of the Debtor (*See* Paragraph 24 of Sale Motion). So, we essentially have the buyer (who is also the seller) evaluating the viability of other potential bidders.

10. In December 2013, in the wake of the criminal and SEC proceedings against the principal and the Debtor, Peter Molinari and Frederick Schlosser formed MTM Healthcare Solutions, Inc. ("MTM") (*See* a true and correct copy of the Articles of Incorporation attached hereto as **Exhibit "D"**). MTM is a defendant in the State Court Case. MTM has previously acquired some if not most of the assets of the Debtor. MTM operates from the same location as the Debtor and its principals and MTD is in the same business as the Debtor i.e. pharmacy and medication management services. Furthermore, MTM is reflected in the Debtor's List of Equity Security Holders (*See* ECF No. 1) with MTM's ownership being closely intertwined with the ownership of the Debtor.[3]

11. Creditor reserves the right to amend this document as discovery among the parties progresses.

WHEREFORE, Creditor, DEBRA LEUE, hereby requests this Court enter an Order denying the Sale Motion or granting a rehearing on the Sale Motion, and granting such other and further relief as may be just.

I HEREBY CERTIFY that a copy of the foregoing was furnished electronically or by regular mail to all interested parties on the attached service list on the 30th day of October, 2015.

---

[3] An alleged key partnership for the Debtor was an agreement with AmerisourceBergen. *See* **Exhibit "E,"** the Debtor's Year-end Progress Report for 2012. The foregoing AmerisourceBergen contract is one of the contracts that is being sold in this whirlwind sale process. Furthermore it appears that this sale process is another attempt by Frederick Schlosser to commit a fraudulently transfer of the assets of the Debtor. See **Exhibit "F,"** an email from the corporate counsel for AmerisourceBergen.

*I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this court set forth in Local Rule 2090-1(A).*

        RAPPAPORT OSBORNE RAPPAPORT & KIEM, PL
        Attorneys for Creditor, Debra Leue
        Suite 203, Squires Building
        1300 North Federal Highway
        Boca Raton, Florida 33432
        Telephone:  (561) 368-2200

BY:         /s/
        TAREK K. KIEM, ESQ.
        FLORIDA BAR NO. 637041

SERVICE LIST:

- Patrick R Dorsey    pdorsey@sfl-pa.com, ematteo@sfl-pa.com;dwoodall@sfl-pa.com;scusack@sfl-pa.com

- Glenn D Moses    gmoses@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com

- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

- Bradley S Shraiberg    bshraiberg@sfl-pa.com, dwoodall@sfl-pa.com;lrosettoparr@sfl-pa.com;scusack@sfl-pa.com;blee@sfl-pa.com;bshraibergecfmail@gmail.com;ematteo@sfl-pa.com